Sean **POLLACK, Kyle Pollack, Paul Pollack, all infants, by their parent and natural guardian Stuart Pollack, Rachel Pollack and Stuart Pollack, Plaintiffs,**

v.

Joan **NASH, Barbara Wilmit, William P. Warren, Jacqueline Sands, Margaret Garvey, Alexander Bursztein, G. Nicholas Del Pizzo, Noah Weinberg, in his capacity as the Commissioner of Social Services of the County of Rockland of the State of New York, County of Rockland, Phyllis Rosenblum, Stanley Weiss and Karen Pollack, Defendants.**

No. 98 Civ. 6599(WCC).

United States District Court,
S.D. New York.

July 30, 1999.

Law Offices of Stuart B. Pollack, Brooklyn, NY, Stuart B. Pollack, of counsel, for plaintiffs.

Law Offices of Jeffrey S. Rovins, New York City, Jeffrey S. Rovins, of counsel, for defendants Joan Nash, Barbara Wilmit, G. Nicholas Del Pizzo, Noah Weinberg and County of Rockland.

Eliot Spitzer, Attorney General of the State of New York, New York City, Lynette M. Phillips, Simone A. Pam, Asst. Attorneys General, of counsel, for State defendants William P. Warren and Margaret Garvey.

Rosen & Livingston, New York City, Peter I. Livingston, of counsel, for defendants Jacqueline Sands and Alexander Bursztein.

White, Fleischner & Fino, New York City, Virginia L. McGrane, of counsel, for defendant Phyllis Rosenblum.

Turner & Owen, New York City, Joseph J. Gulino, of counsel, for defendant Stanley Weiss.

Karen C. Pollack, Fargo, ND, defendant pro se.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

This action is before the Court on defendants' motion to dismiss. Fed.R.Civ.P. 12(b)(6). For the reasons stated hereinafter, the motion is granted.

## BACKGROUND

Plaintiff Stuart Pollack is an attorney admitted to practice in the State of New York, and brings this action on behalf of himself pro se, as well as on behalf of his children, Sean Pollack, Kyle Pollack, Paul Pollack, and Rachel Pollack. Sean, Kyle, and Paul are all minors, whereas Rachel attained the age of eighteen in June of 1997. Thus, Stuart seeks to represent Sean, Kyle, and Paul as their guardian, while apparently representing Rachel simply as her attorney. This action revolves around plaintiffs' allegation that various individuals, both state and private actors, conspired to ensure that Stuart would lose custody of his children in a March 1995 hearing in the Family Court of the State of New York. After this hearing, the presiding judge found that Stuart had been physically and verbally abusive to his wife and determined that the children were "neglected children as a result of . . . . Stuart Pollack's behavior." *See* Judge Warren's April 6, 1995 Decision.

As a consequence of this alleged conspiracy, plaintiffs here sue: (1) Noah Weinberg, the Commissioner of Social Services of the County of Rockland; (2) the County of Rockland in its municipal capacity; (3) Jacqueline Sands, who is employed by the Legal Aid Society of Rockland County, and was appointed by the Family Court as the law guardian of Sean, Kyle, Paul, and Rachel; (4) Alexander Bursztein, who is employed by the Legal Aid Society of Rockland County, and was Sands' supervising attorney during the relevant period; (5) Barbara Wilmit, an Assistant County Attorney for the County of Rockland who filed the child neglect petitions in Family Court against Stuart; (6) G. Nicholas Del Pizzo, an attorney for the County of Rockland and Wilmit's supervisor; (7) Joan Nash, a case worker with the Child Protective Services of the Department of Social Services for the County of Rockland; (8) Karen Pollack, Stuart's wife and mother to plaintiffs Sean, Kyle, Paul, and Rachel; (9) The Honorable William P. Warren, Judge of the Family Court of the State of New York in the County of Rockland, who presided over the March 1995 hearing; (10) The Honorable Margaret Garvey, Judge of the Family Court of the State of New York in the County of Rockland, who, plaintiffs claim, following Judge Warren's decision, issued an arrest warrant for Karen Pollack after she failed to appear for a

court appearance; (11) Phyllis Rosenblum, a private psychologist who administered therapy to Rachel, Stuart, and Karen Pollack, and who testified at the hearing before Judge Warren; and (12) Stanley Weiss, a private therapist who administered therapy to Stuart and who also testified at the hearing.

Plaintiffs brings this complaint, alleging: (1) a conspiracy between both state and non-state actors to deprive them of their right to due process, as guaranteed by the Fifth and Fourteenth Amendments to the Constitution, in violation of 42 U.S.C. § 1983, as against Nash, Rosenblum, Weiss, Wilmit, Sands, Del Pizzo, Bursztein, Weinberg, Karen Pollack, Judge Warren, Judge Garvey, and the County of Rockland; (2) a violation of 42 U.S.C. § 1985 as against Sands, Wilmit, Nash Bursztein, Del Pizzo, Weinberg, Judge Warren, and the County of Rockland; (3) the commission of a federal constitutional tort under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), as against Nash, Wilmit, Sands, Bursztein, Del Pizzo, Warren, and Weinberg;[1] (4) a pendent state law claim for a state constitutional tort in violation of Article I, sections 1, 11, and 12 of the New York State Constitution as against Nash, Wilmit, Sands, Bursztein, Del Pizzo, Warren, and Weinberg; (5) a pendent state common law claim for psychological malpractice as against Rosenblum; (6) a pendent state common law claim for breach of contract as against Rosenblum and Weiss; (7) a pendent state law claim for a breach of confidential communications in violation of N.Y.C.P.L.R. §§ 4507 and 4508 as against Rosenblum; (8) a pendent state common law claim for legal malpractice as against Sands; (9) a pendent state common law claim for breach of fiduciary duty as against Sands; and (10) a pendent state common law claim for intentional infliction of emotional distress as against Nash, Wil-

mit, Sands, Bursztein, Del Pizzo, and Judge Warren.

## DISCUSSION

### I. *Section 1983 Claim*

#### A. *General Requirements for Stating a Cognizable § 1983 Conspiracy Claim*

A complaint should not be dismissed for failure to state a claim " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Padavan v. United States,* 82 F.3d 23, 26 (2d Cir.1996) (quoting *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). All well-pleaded factual allegations will be accepted as true and all reasonable inferences must be drawn in favor of the plaintiff. *See Wright v. Ernst & Young LLP,* 152 F.3d 169, 173 (2d Cir. 1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 870, 142 L.Ed.2d 772 (1999). " 'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

However, it is well-established that in order to survive a motion to dismiss, a § 1983 complaint must contain "more than naked[,] improbable[,] unsubstantiated assertions without any specifics." *Neustein v. Orbach,* 732 F.Supp. 333, 346 (E.D.N.Y.1990); *see also Salahuddin v. Cuomo,* 861 F.2d 40, 43 (2d Cir.1988); *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir.1987); *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977) (per curiam); *Koch v. Yunich,* 533 F.2d 80, 85 (2d Cir. 1976). Moreover, a complaint alleging a conspiracy to violate civil rights is held to a heightened pleading standard. *Julian v. N.Y.C. Transit Auth.,* 857 F.Supp. 242, 252

---

1. In opposing defendants' motion, plaintiffs seek to dismiss this claim voluntarily, Memo- randum of Law at 62, and we hereby dismiss this claim accordingly.

(E.D.N.Y.1994) (interpreting § 1985). As the Second Circuit has explained,

> We have, of course, repeatedly held that in order to state a claim of conspiracy under § 1983 the complaint must contain more than mere conclusory allegations. And while a plaintiff should not plead mere evidence, he should make an effort to provide some details of time and place and the alleged effect of the conspiracy. Thus, complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed: diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.

*Dwares v. City of New York*, 985 F.2d 94, 99–100 (2d Cir.1993) (internal citations and quotations omitted). Because "certain claims are so easily made and can precipitate such protracted proceedings with such disruption of governmental functions ... detailed fact pleading is required to withstand a motion to dismiss. A claim of conspiracy to violate civil rights is a clear example." *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir.1981) (internal citations omitted).

This Court is sympathetic to the difficulty of proving a conspiracy, and thus has construed the pleadings generously for even circumstantial evidence to support a conspiracy claim. Moreover, because Stuart is proceeding pro se, we have construed the pleadings liberally, *see Hughes*, 449 U.S. at 9, 101 S.Ct. 173, even though the fact that Stuart is an attorney duly licensed in the State of New York strongly militates against the traditional tolerance accorded to pro se plaintiffs. We also note that plaintiffs have already amended their complaint twice before defendants moved to dismiss, and thus have had three opportunities to state adequately a cause of action against these defendants. Finally, we note that the Court, in part because these motions contemplate dismissal with prejudice, held a lengthy conference in chambers with counsel for all parties to discuss the merits of these claims, waived our customary page restriction for the submission of plaintiffs' opposition brief, and permitted plaintiffs to submit a supplemental sur-reply brief after briefing for these motions was to be completed.

## B. *Failure to State a § 1983 Claim Against Any of the Defendants*

### 1. *Weinberg*

 The complaint utterly fails to allege any conduct, or even failure act, on the part of Noah Weinberg, Commissioner of the Department of Social Services. The complaint simply identifies Weinberg as a party, and names him in the request for relief, but provides no indication whatsoever as to why Weinberg is being sued. We even went beyond the pleadings, and scoured plaintiffs' Memorandum of Law for any clue as to why Weinberg was named in this action. All we could find there is the argument that plaintiffs experienced what was, in their view, substandard treatment in dealing with the Department of Social Services in 1981 in an unrelated matter because Weinberg "permitted the establishment of certain customs which encourage, allow or suffer the prosecution of child abuse cases without sufficient evidence." Plaintiffs' Memorandum of Law at 47. Such an allegation utterly fails to comport with the requirement that a civil rights complaint must contain "more than mere conclusory allegations." *Salahuddin*, 861 F.2d at 43. Further, such a claim fails to satisfy the requirement that the defendant in a § 1983 action be personally involved in or actually caused a deprivation of a plaintiff's constitutional rights. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir.1986); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977). While a superior may be liable under § 1983 "if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event," *Williams*, 781 F.2d at 323–24, "conclusory and speculative as-

sertions" to establish such gross negligence cannot suffice. *Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993). For these reasons, the § 1983 claim against Weinberg is dismissed with prejudice.

### 2. *County of Rockland*

■ Similarly, all § 1983 claims against the County of Rockland are dismissed. The complaint utterly fails to allege any facts constituting a municipal custom or practice related to the impairment of constitutional rights, as § 1983 requires in suits against municipalities. *See Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Again, although not part of the complaint, we have referred to plaintiffs' Memorandum of Law in an attempt to discern why the County has been named as a defendant, and to determine whether there is any reason not to dismiss all claims against the County with prejudice. In the memorandum, plaintiffs substantiate their allegations against the County by again recounting their perceived unfair treatment by the County's Child Protective Services in wholly unrelated proceedings in 1981. Plaintiffs' Memorandum of Law at 47. Moreover, plaintiffs make a cryptic reference to an article in a local newspaper outlining a mother's traumatic experience related to a custody matter in New York State Family Court. *Id.* at 45. These allegations are the very kind of vague and conclusory claims that the Second Circuit has held cannot be permitted, *see Alfaro Motors, Inc.*, 814 F.2d at 887, and because we cannot imagine plaintiffs ever being able to substantiate these allegations, we dismiss all § 1983 claims against the County of Rockland with prejudice.

### 3. *Sands and Bursztein*

■ Plaintiffs' allegations against Sands, who was appointed by the Family Court as the law guardian to Sean, Kyle, Paul, and Rachel, warrant a similar disposition. The only allegation against Sands is that she made "sundry applications and motions" during the proceedings in Family Court that "were in contravention of the wishes, desires and best interests" of the plaintiffs. Second Amended Complaint ¶¶ 20–22. Once again, these allegations fail to comport with the basic requirements for pleading a civil rights complaint, as "diffuse and expansive allegations are insufficient" to state a § 1983 conspiracy claim. *Dwares*, 985 F.2d at 99–100. A § 1983 claim is not the proper forum to compel a defendant to explain the rationale behind every application and motion made in a Family Court proceeding.

■ Because we cannot imagine that plaintiffs can ever adequately plead a viable cause of action against Sands, we dismiss the § 1983 claim against her with prejudice. Similarly, since, by plaintiffs' own admission, all claims against Bursztein are predicated simply upon the fact that Bursztein failed adequately to "supervise the conduct of" of Sands, Plaintiffs' Memorandum of Law at 41, and we have found these allegations against Sands to be non-actionable, the § 1983 claim against Bursztein is likewise dismissed with prejudice.

### 4. *Wilmit and Del Pizzo*

■ Plaintiffs allege that Wilmit engaged in a conspiracy with Nash, Sands, Rosenblum, Weiss, Del Pizzo, Bursztein, and Warren to cause Karen to commit perjury during the March 1995 hearing (Second Amended Complaint ¶ 19), conspired to make "sundry applications and motions to the defendant William P. Warren" (Second Amended Complaint ¶¶ 25, 27, 31), and conspired to deprive Stuart Pollack of the right to call his children as witnesses (Second Amended Complaint ¶¶ 43–4). These claims are paradigmatic "vague and conclusory allegations respecting the existence of a conspiracy," and are insufficient to state a cause of action. *Powell v. Workmen's Compensation Bd.*, 327 F.2d 131, 137 (2d Cir.1964); *see also*

*Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.1983) (per curiam). Obscure references to the "making of sundry applications," Second Amended Complaint ¶ 25, giving "counsel ... to the prospective conduct of the defendant Joan Nash," Second Amended Complaint ¶ 31, and engaging in a "conspiracy [that] proximately resulted in the false testimony of the defendant Karen Pollack," Second Amended Complaint ¶ 19, simply ignores the Second Circuit's injunction that "general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." *Dwares,* 985 F.2d at 99–100. Because plaintiffs have already amended their complaint twice, and further amendment would be futile, the § 1983 claim against Wilmit is dismissed with prejudice. Further, since all claims against Del Pizzo are predicated upon his alleged inadequate supervision of Wilmit, Second Amended Complaint at ¶ 25, and we have found the allegations against Wilmit are non-actionable under § 1983, all such claims against Del Pizzo must fail as well.

### 5. *Nash*

■ Plaintiffs allege that Nash conspired to ensure that Karen Pollack would testify falsely at the March hearing (Second Amended Complaint ¶ 18–9), conspired with other defendants to induce Wilmit and Sands to make "sundry applications and motions" to the Family Court (Second Amended Complaint ¶¶ 20, 27), and "disregarded [her] responsibility to effect the public policy of the State of New York." (Second Amended Complaint ¶ 29). Such vague allegations again ignore the well-settled principle that "[i]t is incumbent upon a plaintiff to state more than conclusory allegations to avoid a dismissal of a claim predicated on a conspiracy to deprive him of his constitutional rights." *Polur v. Raffe,* 912 F.2d 52, 56 (2d Cir.1990). Also fatal to this complaint, as well as to the § 1983 claims against every defendant, is the requirement that plaintiffs must plead " 'specific facts suggesting that there

was a mutual understanding among the conspirators to take action directed toward an unconstitutional end.' " *Julian,* 857 F.Supp. at 252 (quoting *Duvall v. Sharp,* 905 F.2d 1188, 1189 (8th Cir.1990)) (per curiam). While plaintiffs' entire § 1983 claim revolves around the allegation that each of the defendants acted in a joint conspiracy to deprive plaintiffs of their constitutional rights, there is not a single allegation as to when, where, or how this conspiracy was formed. This failure, of course, ignores the basic requirement that there be an agreement or meeting of the minds between the conspirators. *Hampton v. Hanrahan,* 600 F.2d 600, 620 (7th Cir.1979), rev'd in part on other grounds, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980); *Duff v. Coughlin,* 794 F.Supp. 521, 525 (S.D.N.Y.1992); *Katz v. Morgenthau,* 709 F.Supp. 1219, 1231 (S.D.N.Y. 1989), aff'd. in part, rev'd in part on other grounds, 892 F.2d 20 (2d Cir.1989). Simply listing the defendants and alleging that they conspired does not satisfy this requirement.

■ Finally, we note that plaintiffs also allege that Nash personally committed perjury when she testified at the Family Court hearing. Second Amended Complaint ¶ 24. The Supreme Court, however, has clearly ruled that witnesses are absolutely immune from damage liability in § 1983 actions based on their testimony. *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). For these reasons, all § 1983 claims against Nash are dismissed with prejudice.

### 6. *Karen Pollack*

■ As to Karen Pollack, Stuart's wife, the complaint fails to allege that Karen conspired with any state actors. Each time plaintiffs refer to the alleged conspiracy in the complaint, they clearly denominate each defendant who participated in the alleged conspiracy, and each time, Karen is conspicuously absent from these allegations. *See, e.g.,* Second Amended Com-

plaint at ¶¶ 19, 20, 25, 26, 28. Instead, it is clear that Karen has been named as a defendant merely because she allegedly gave "false testimony," id. at ¶ 18. However, a private citizen can never be liable under § 1983 unless there is some allegation that the private actor at least conspired with a state actor to deprive the plaintiff of his or her constitutional rights, *Tower v. Glover,* 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984), and plaintiffs go to great effort in the complaint to show that Karen did not actively conspire with the other defendants. Moreover, witnesses are absolutely immune from damage liability in § 1983 actions based on their testimony. *Briscoe,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96. Since plaintiffs have wholly failed to allege any conspiracy by Karen with any state actor, and she is entitled to immunity, the § 1983 claim against her must be dismissed with prejudice.

### 7. *Judge Warren*

Judge Warren is entitled to absolute immunity. The only prerequisites to judicial immunity are that the judge not act in the "clear absence of all jurisdiction" and that he or she be performing a judicial act or one which is judicial in nature. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). There is no dispute that Judge Warren, as a judge of the Family Court of the State of New York, had authority to rule upon all matters presented in plaintiffs' underlying Family Court proceedings. *See* New York State Constitution, Article VI § 13; N.Y. Family Court Act, § 1012 et seq. and § 812 et seq. Plaintiffs have argued that because "service of process [for the Family Court proceeding was never] properly effected," Plaintiffs' Memorandum of Law at 18, Warren acted in the "clear absence of all jurisdiction," *Stump,* 435 U.S. at 356–67, 98 S.Ct. 1099, and thus is not entitled to immunity. Specifically, plaintiffs argue that while Stuart and Karen both brought family court proceedings in Family Court

before Judge Warren (thus submitting to the jurisdiction of the court), they both voluntarily discontinued these actions, and Judge Warren improperly proceeded based upon the petition of defendant Nash, without requiring her to serve and file a separate summons and complaint. Plaintiffs' Memorandum of Law at 14. We reject plaintiffs' argument for the following reasons.

First, it appears to this Court, although we do not decide this issue, that Judge Warren simply consolidated the already filed petitions by Stuart and Karen with the petition of Nash. *See* Judge Warren's April 6, 1995 Decision at 1 ("All matters were consolidated and came on for hearing on March 13, 1995"). If this is so, we doubt that effecting a separate filing of a summons and complaint on behalf of Nash (as guardian to the children) was necessary to establish subject matter jurisdiction, as Stuart had already submitted to the jurisdiction of the Court by the filing of his own petition.

Even if this is not the case, however, we hold that this error amounts, at worst, simply to a procedural error, as opposed to a lack of all subject matter jurisdiction, and "a judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump,* 435 U.S. at 359, 98 S.Ct. 1099. A lack of personal jurisdiction does not strip a judge of absolute immunity. *See Ashelman v. Pope,* 793 F.2d 1072, 1076 (9th Cir.1986) (en banc). If judges could be stripped of such immunity simply because a plaintiff in a case before them failed properly to serve and file the summons and complaint, this would eviscerate the well-established rule that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump,* 435 U.S. at 359, 98 S.Ct. 1099. This rule is so entrenched that it extends to cases where the judge acted

in error, maliciously, or in excess of his or her authority. *Id.*

 Moreover, even if we were to accept plaintiffs' claim that Judge Warren is not entitled to immunity because the failure to properly file and serve a summons and complaint on behalf of Nash stripped the judge of all subject matter jurisdiction in the proceedings before him, plaintiffs have still failed to state a cause of action against Judge Warren. Specifically, plaintiffs allege that Judge Warren conspired with defendants Wilmit, Sands, Rosenblum, Weiss, Del Pizzo, and Bursztein "which conspiracy proximately resulted in the false testimony of the defendant Karen Pollack .... and which conspiracy thus proximately caused the issuance of the aforementioned decision and order of the defendant William P. Warren...." Second Amended Complaint ¶ 19. Plaintiffs also allege that Judge Warren conspired with Sands and Wilmit to facilitate the "making of sundry applications and motions...." Second Amended Complaint ¶¶ 20, 25. Finally, plaintiffs allege that Warren refused to take adequate safeguards to insure that Karen Pollack's testimony would be truthful, "engag[ed] in a continuous course of conduct .... in his capacity as a Judge of the New York State Family Court in gross disregard of his obligations," "refused to apply the rules of evidence against the admission of hearsay," and "refus[ed] to consider the procedural defenses of the plaintiff Stuart Pollack" during the Family Court hearing. Second Amended Complaint ¶ 14.

Such allegations are the very same vague and conclusory charges that have been levied against the other defendants, and we reject them for the same reasons. Moreover, these claims fail to allege any specific facts suggesting that there was a mutual understanding among the conspirators. *Julian,* 857 F.Supp. at 252. Plaintiffs are instead content merely to list the defendants named in the complaint, and allege that they conspired toward a given end, without giving any facts tending to show that there was a meeting of the minds to form the alleged conspiracy or any overt acts done in furtherance of it. *See Katz,* 709 F.Supp. at 1231 (to support a claim of conspiracy, plaintiff must show that "defendants acted in a willful manner, culminating in an agreement, understanding, or 'meeting of the minds'"). Plaintiffs' allegations describe either "ordinary courtroom activities which do not in themselves indicate a conspiracy," *Sachs v. Greenspan,* 91 Civ. 3327(MGC), 1992 WL 96342, *2 (S.D.N.Y. Apr. 23, 1992), such as the deciding of motions (Second Amended Complaint ¶ 20) and making evidentiary rulings (Second Amended Complaint ¶ 14), or are "too vague to be interpreted." *Sachs,* 1992 WL 96342, at *2. The § 1983 claim against Judge Warren is dismissed with prejudice.

### 8. *Judge Garvey*

 After identifying Judge Garvey as one of the parties to the litigation, she is mentioned only a single time in the thirty-seven page complaint, and there she is referred to only to explain that she did not participate in any prohibited activity: "That the defendants, with the exception of the defendants Margaret Garvey, Phyllis Rosenblum and Stanley Weiss .... failed and deliberately disregarded their responsibility to effect the public policy of the State of New York...." Second Amended Complaint at ¶ 29. As the complaint is wholly lacking any substantive allegations against Judge Garvey, the § 1983 claim against her must be dismissed with prejudice.[2]

---

2. It appears from plaintiffs' Memorandum of Law that they have named Judge Garvey as a party because Nash, Wilmit, and Sands allegedly "became incensed and decided to punish Karen by inducing defendant Family Court Judge Margaret Garvey to issue an arrest warrant against Karen to effectuate the removal of all children from Karen's custody." Plaintiffs' Memorandum of Law at 8. We first note that we are unable to consider facts not alleged in the complaint for purposes of a Rule 12(b)(6) motion, but have looked to the

#### 9. *Rosenblum and Nash*

█ These private therapists, who treated various members of the Pollack family, are not state actors, and thus can only be liable under § 1983 if they conspired with officials who are acting under the color of state law to deprive a person of a right secured by the Constitution. *Tower,* 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758; *Warren v. Fischl,* 33 F.Supp.2d 171 (E.D.N.Y.1999). Since all § 1983 claims have been dismissed with prejudice against every state actor named in the complaint for the reasons stated above, the § 1983 claim based upon these private actors supposed conspiracy with these state actors must be dismissed with prejudice.

#### II. *Plaintiffs' Conspiracy Claim Under 42 U.S.C. § 1985*

█ Plaintiffs generally allege a § 1985 violation, but do not indicate which subsection they believe applies. Section 1985(1) and the first clause of § 1985(2), respectively, address conspiracies to prevent federal officers from discharging their duties and conspiracies to interfere with proceedings in federal courts. Since no federal officer is named in the complaint, plaintiffs state no claim under these provisions. While the second clause of § 1985(2) is not limited to federal officers, a plaintiff must allege a deprivation of rights on account of his membership in a protected class under this subsection. Similarly, under § 1985(3), which prohibits conspiracies to deprive a person "of the equal protection of the laws, or of equal

privileges and immunities under the laws," a "plaintiff must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Gagliardi v. Village of Pawling,* 18 F.3d 188, 194 (2d Cir.1994) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)); *see also Thomas v. Roach,* 165 F.3d 137, 146 (2d Cir.1999). To state the obvious, as other courts have specifically held, those in a family custody dispute do not form a protected class under § 1985. *See, e.g., Humphrey v. Court of Common Pleas,* 640 F.Supp. 1239, 1243 (M.D.Pa. 1986). Thus, the § 1985 claim against all defendants is dismissed with prejudice.

#### III. *Supplemental State Law Claims*

█ Having dismissed all federal claims alleged in the complaint, we decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining state law claims. In fact, having dismissed all federal claims at this early stage in the litigation pursuant to Rule 12(b)(6) motion, it is appropriate for us to decline supplemental jurisdiction pursuant to § 1367(c)(3): " 'Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.'" *Castellano v. Bd. of Trustees,* 937 F.2d 752, 758 (2d Cir.1991) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). We therefore dismiss plaintiffs' state law claims without prejudice.[3]

memorandum only to give plaintiffs every opportunity to survive dismissal with prejudice. However, even if these vague allegations were properly plead, Judge Garvey is entitled to absolute immunity for such conduct, whether or not Stuart had not been properly served in proceedings before Judge Warren. Judge Garvey was clearly acting within her jurisdiction based on the failure of Karen Pollack to appear in court, and she would thus be entitled to absolute immunity whether or not proper service was effected in the underlying action before Judge Warren.

3. Because of inadequate briefing by all parties, it is unclear to this Court whether plaintiffs are currently contesting Judge Warren's determination in any extant state court proceeding. We simply note, however, that if such proceedings are still on-going, principles of *Younger* abstention, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), would be strongly implicated in regard to our jurisdiction over this entire case, especially since the Supreme Court has long ago ruled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss the action is granted pursuant to Fed.R.Civ.P. 12(b)(6), and plaintiffs' federal claims under § 1983 and § 1985 are dismissed with prejudice. Having dismissed all federal claims, we decline to exercise this Court's supplemental jurisdiction over plaintiffs' state law claims, and these claims are dismissed without prejudice. Additionally, since the complaint is dismissed in its entirety, plaintiffs' cross motion for an order disqualifying Jeffrey S. Rovins, Esq. is denied as moot. Finally, because all claims have been dismissed with prejudice, the question of whether Stuart can properly bring this action on behalf of Sean, Kyle, and Paul as their guardian, even though he does not possess custody of the children, need not be reached.

SO ORDERED.

the laws of the United States." *Ex parte Burrus,* 136 U.S. 586, 594, 10 S.Ct. 850, 34 L.Ed. 500 (1890); *see generally Thompson v. Vacco,* 96 Civ. 8760(SS), 1997 WL 539949, at *2 (S.D.N.Y. Aug. 29, 1997); *Thomas v. New York City,* 814 F.Supp. 1139, 1149 (E.D.N.Y. 1993); *Neustein,* 732 F.Supp. at 341; *Donkor v. City of New York Human Resources Admin.,* 673 F.Supp. 1221, 1224 (S.D.N.Y.1987). Indeed, this action appears to this Court as an attempt by plaintiffs to have us simply over-rule a Family Court decision made in the State of New York. For this reason, even if there are no on-going proceedings in New York's state courts, the *Rooker–Feldman* doctrine still might compel dismissal of this suit. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).