Robert I. TOUSSIE and David Park Estates, Inc., Plaintiffs–Appellees,

v.

John POWELL, Defendant–Appellant,

Felix Grucci, individually and in his official capacity as former Supervisor of the Town of Brookhaven, Town of Brookhaven, Board of Zoning Appeals of the Town of Brookhaven, Mario M. Cavalieri, individually and in his official capacity as a former member of the Board of Zoning Appeals, Grace M. Coppes, individually and in her official capacity as a member of the Board of Zoning Appeals, Vincent Liguori, Jr., individually and in his official capacity as a member of the Board of Zoning Appeals, Frank C. Trotta, individually and in his official capacity as a member of the Board of Zoning Appeals, Eugene Zangi, individually and in his official capacity as a member of the Board of Zoning Appeals, Defendants.

Docket No. 02–7770.

United States Court of Appeals, Second Circuit.

Argued: Jan. 30, 2003.

Decided: March 20, 2003.

Christopher A. Jeffreys, Melville, N.Y., for Defendant–Appellant.

David N. Yaffe (William P. Caffrey, Jr., on the brief), Hamburger, Maxson, Yaffe, Wishod & Knauer, LLP, Melville, N.Y., for Plaintiffs–Appellees.

Before: JACOBS, CALABRESI, and SOTOMAYOR, Circuit Judges.

CALABRESI, Circuit Judge.

John Powell appeals the district court's denial of his motion to dismiss. *See* Fed. R.Civ.P. 12(b)(6). Among other things, the district court held that Powell did not enjoy qualified immunity from a suit under 42 U.S.C. § 1983. We affirm that decision and hold that qualified immunity does not protect a private defendant against § 1983 liability where that private defendant is alleged to have conspired with government officials to deprive another of federal rights. Since the other issues Powell raises on appeal are not inextricably intertwined with the question of qualified immunity or otherwise necessary to ensure meaningful review of that question, we do not have jurisdiction to consider them in this interlocutory appeal.

## BACKGROUND

John Powell is a defendant in an action that claims violations of 42 U.S.C. § 1983. Powell moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the claims against him. He appeals the decision and order of the United States District Court for the Eastern District of New York (Hurley, *J.*) denying that motion.

■ Because on a 12(b)(6) motion a court must treat as true the pleading's factual allegations, *McCall v. Pataki,* 232 F.3d 321, 322 (2d Cir.2000), we set forth the relevant facts as they are alleged in the complaint and assume for the purposes of our review that those assertions are true.

In the Spring of 1998, Robert Toussie and his company, David Park Estates, Inc., (collectively "Toussie") obtained a variance from the Brookhaven Board of Zoning Appeals ("the Board") and a build-

ing permit from the Town of Brookhaven, authorizing Toussie to build a single family home on property he owned. After Toussie began construction on the property, John Powell, then Chairman of the Republican Party of Brookhaven and Suffolk County, and Felix Grucci, the Supervisor of the Town of Brookhaven, separately demanded that Toussie stop all construction on the lot. When Toussie refused, Powell and Grucci successfully pressured the Board to rescind the variance.

Toussie then brought an action against the Board in the Suffolk County Supreme Court, which vacated and annulled the Board's decision to deny Toussie the setback variance and directed the Board to reinstate the variance and issue a new building permit. The Board, however, did not immediately comply with this order, but delayed development of the property by filing a frivolous appeal, which the Board subsequently failed to perfect in a timely manner. As a result of the delay caused by these actions, the buyers of the home Toussie was building cancelled their contract and Toussie was prevented from selling or developing the property for more than two years.

Powell and Grucci then retaliated against Toussie by securing an amendment (informally known as the "Toussie Law") to the Brookhaven Town Code that made it significantly more expensive for Toussie to develop his substantial land holdings.

Toussie brought this suit in the Eastern District for New York against a number of defendants, including Powell. Toussie claims violations of 42 U.S.C. § 1983 in that the defendants deprived him of his rights to due process and to the equal protection of the laws, and retaliated

against him for having engaged in activities protected by the First Amendment.[1]

Powell alone moved to dismiss the claims against him, arguing (1) that the complaint failed to state a § 1983 claim against Powell, since he was a private individual and did not act under color of state law, (2) that the complaint did not allege that Powell himself caused any constitutional violation, (3) that Powell was protected by qualified immunity, (4) that the action was time-barred, and (5) that Powell was not properly served with a summons and complaint. The district court rejected each of these contentions and denied Powell's motion to dismiss. On appeal, Powell takes exception to the district court's rulings on all of the above issues, except the matter of proper service.

## DISCUSSION

█ Our review of the district court's rejection of Powell's Rule 12(b)(6) motion to dismiss is de novo. *Conboy v. AT & T Corp.*, 241 F.3d 242, 246 (2d Cir.2001). As noted above, in determining whether the motion should have been granted, we assume that the factual allegations in the pleadings are true. *McCall*, 232 F.3d at 322.

### I.

Toussie maintains that we do not have jurisdiction to hear this interlocutory appeal. He argues that Powell is a private person and hence that the recognized reasons for allowing interlocutory appeals of certain qualified immunity decisions—to prevent "the general costs of subjecting officials to the risks of trial," *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (internal quotation

---

1. Toussie also alleged tortious interference with business relations in violation of New York law, a claim he voluntarily withdrew

after the motion to dismiss was filed and fully briefed, but before the district court had ruled on it.

marks omitted)—do not apply. *See Chicago & N.W. Transp. Co. v. Ulery*, 787 F.2d 1239, 1240–41 (8th Cir.1986) ("[The *Mitchell*] rationale has no application ... where the defendants ... are not public officials but private parties."); *Lovell v. One Bancorp*, 878 F.2d 10, 12–13 (1st Cir.1989). *But cf. DeVargas v. Mason & Hanger–Silas Mason Co.*, 844 F.2d 714, 717 (10th Cir.1988) ("[W]e hold that private parties acting pursuant to contractual duties may bring interlocutory appeals from the denial of qualified immunity.").

■■■ If private persons in Powell's position might be entitled to qualified immunity, however, then they must be able to bring an interlocutory appeal on the issue, for qualified immunity "is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526, 105 S.Ct. 2806 (emphasis in original). To date, our cases have not decided whether a private defendant who is alleged to have conspired with government officials to deprive another of federal rights is entitled to qualified immunity. Because Powell has, under our prior cases, a colorable claim to qualified immunity, we have jurisdiction to consider his claim, since otherwise that claim would be "effectively lost." *See Felix E. Santana v. Valez*, 956 F.2d 16, 19–20 (1st Cir.)("To ascertain whether the appellants have a right to an interlocutory appeal requires that we determine whether they would be entiled to raise the defense of qualified immunity." *cert. denied* 506 U.S. 817, 113 S.Ct. 59, 121 L.Ed.2d 28 (1992). *Cf. Richardson v. McKnight*, 521 U.S. 399, 402, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997) (suggesting that *Mitchell* authorized the Sixth Circuit to hear private defendants' interlocutory appeal of the trial court's determination that, as private persons, they could not claim qualified immunity). Whether after our holding in this case, which is that private defendants in Powell's position are not entitled to qualified immunity, such a defendant may bring an interlocutory appeal of a denial of qualified immunity is a question that we need not and do not reach.

## II.

Jurisdiction having been established, this appeal turns on Powell's argument that, despite the fact that he is not a government official, he is entitled to qualified immunity. Our evaluation of that argument begins with the Supreme Court's decision in *Wyatt v. Cole*, 504 U.S. 158, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992), which considered whether private defendants charged with § 1983 liability for invoking state replevin, garnishment, and attachment statutes later declared unconstitutional were entitled to qualified immunity from suit. The *Wyatt* Court first asked "whether there was an immunity at common law that Congress intended to incorporate in the Civil Rights Act" and found that private defendants enjoyed no such common law immunity from the closest analogous torts, malicious prosecution and abuse of process. *Id.* at 164, 112 S.Ct. 1827. It then examined policy considerations and stated that "we have recognized qualified immunity for government officials where it was necessary to preserve their ability to serve the public good or to ensure that talented candidates were not deterred by the threat of damages suits from entering public service." *Id.* at 167. *Wyatt* observed that "[t]hese rationales are not transferable to private parties" and concluded that qualified immunity is not available for private defendants faced with § 1983 liability for invoking state replevin, garnishment, or attachment statutes. *Id.* at 168–69.

■■ There is some question as to how broadly *Wyatt* should be read. *Wyatt*'s holding is expressly limited to the question of qualified immunity and leaves open the possibility that a private defendant to a § 1983 action "could be entitled to an affirmative defense based on good faith and/or probable cause or that § 1983 suits against

private, rather than governmental, parties could require plaintiffs to carry additional burdens." *Id.* at 169, 112 S.Ct. 1827. It is less clear whether the holding is also limited to private defendants who are alleged to have invoked state replevin, garnishment, or attachment statutes, or whether it applies more generally to all private defendants alleged to have "conspire[d] with state officials to violate constitutional rights" (the question on which certiorari was granted, *id.* at 168, 112 S.Ct. 1827). *See Richardson,* 521 U.S. at 404, 117 S.Ct. 2100 ("*Wyatt* explicitly limited its holding to what it called a 'narrow' question about 'private persons ... who conspire with state officials,' and it answered that question by stating that private defendants 'faced with § 1983 liability for invoking a state replevin, garnishment, or attachment statute' are *not* entitled to immunity." (citations omitted, alteration in original)); *Burrell v. Bd. of Trs. of Ga. Military Coll.,* 970 F.2d 785, 794–795 (11th Cir.1992) ("Although the Court [in *Wyatt*] did not explicitly overrule decisions holding that qualified immunity is available to private defendants in other circumstances, the Court's analysis does not bode well for the continued vitality of these decisions. Instead of restricting its holding to attachment cases, the [*Wyatt*] Court merely left open 'the possibility that private defendants ... could be entitled to an affirmative defense ....' " (quoting *Wyatt,* 504 U.S. at 169, 112 S.Ct. 1827)).

■ Whatever the precise holding of *Wyatt* may be, its logic applies as much to allegations that a private defendant conspired to influence improperly governmental decision-making as it does to allegations that a private defendant invoked an unconstitutional state replevin, garnishment, or attachment statute. The Supreme Court has in fact applied *Wyatt*'s two-pronged approach to determine whether private defendants in a very different factual context are eligible for qualified immunity. *Richardson,* 521 U.S. at 404, 117 S.Ct. 2100 (concluding that *Wyatt* "tell[s] us ... to look both to history and to the purposes that underlie government employee immunity in order to find the answer" to the question whether private prison guards under contract with the federal government are eligible for qualified immunity). As in *Wyatt,* Powell can point to no immunity at common law that might be taken to shield him from such a conspiracy claim. And here, again as in *Wyatt,* "the public interest will not be unduly impaired if private individuals are required to proceed to trial to resolve their legal disputes." *Wyatt,* 504 U.S. at 168, 112 S.Ct. 1827. Accordingly, we today hold that a private defendant faced with § 1983 liability for conspiring with state officials to violate federal rights is not protected by the doctrine of qualified immunity. *Accord Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996); *Burrell,* 970 F.2d at 796.

■ Powell argues that he is the type of private individual who is entitled to qualified immunity because, at the time of the alleged events, he was serving as Chairman of the Republican Party of Brookhaven and Suffolk County. The only allegations that Powell was acting in that capacity are that he pressured the Board to rescind Toussie's variance and that he urged the Town of Brookhaven to pass the "Toussie Law." Applying the *Wyatt* and *Richardson* analysis, we hold that a party chairman is not entitled to qualified immunity (a) on the basis of his position alone or (b) for advocating that local government take a particular legal or adjudicative action. We need not consider whether qualified immunity is applicable to a political party chairperson in regard

to other conduct that falls within his or her job description.

This holding, like that in *Wyatt*, does "not foreclose the possibility that private defendants faced with § 1983 liability ... could be entitled to an affirmative defense based on good faith and/or probable cause or that § 1983 suits against private, rather than governmental, parties could require plaintiffs to carry additional burdens." [2] *Wyatt*, 504 U.S. at 169, 112 S.Ct. 1827. Nor does our decision today speak to the question of whether private defendants who are acting pursuant to a government contract or a court order can be shielded by qualified immunity. While the Supreme Court has held that such immunity is unavailable to some private defendants acting under a government contract, *Richardson*, 521 U.S. at 412, 117 S.Ct. 2100 ("[P]rivate prison guards, unlike those who work directly for the government, do not enjoy immunity from suit in a § 1983 case."), it has expressly declined to rule on whether "a private individual briefly associated with a government body, serving as an adjunct to government in an essential governmental activity, or acting under close official supervision" might enjoy such immunity, *id.* at 413, 117 S.Ct. 2100. We likewise express no opinion on that question.

### III.

■ Powell also argues on appeal that the district court erred in rejecting his claims (1) that he did not act under color of state law, since he was a private individual, (2) that the complaint failed to allege that Powell himself caused the supposed constitutional deprivations, and (3) that the action was time-barred. As a general matter, courts of appeals have jurisdiction only to review "final decisions" of the district courts. 28 U.S.C. § 1291. "A denial of a motion to dismiss for failure to state a claim is neither a final decision, nor a basis for interlocutory review ..., and is not, standing alone, immediately appealable." *Hill v. City of New York*, 45 F.3d 653, 663 (2d Cir.1995).

■ Under the "collateral order" doctrine, an exception is made for certain rulings that pertain to qualified immunity. *Johnson v. Jones*, 515 U.S. 304, 313–18, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Mitchell*, 472 U.S. at 530, 105 S.Ct. 2806. A defendant who is entitled to immediate appellate review of a qualified immunity decision is also entitled to appellate review of pendant issues if those issues are "inextricably intertwined" with the question of qualified immunity or are otherwise "necessary to ensure meaningful review" of it. *McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272, 277 (2d Cir.1999) (quoting *Swint v. Chambers County Comm'n*, 514 U.S. 35, 51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995)). Whether issues are inextricably intertwined is determined by whether there is "substantial factual overlap bearing on the issues raised." *Freeman v. Complex Computing Co.*, 119 F.3d 1044, 1050 (2d Cir.1997); *see also Kaluczky v. City of White Plains*, 57 F.3d 202, 207 (2d Cir.1995) (considering whether "there [was] sufficient overlap in the factors relevant to the appealable and nonappealable issues"). None of the other matters Powell raises on appeal are inextricably intertwined with the issues that we need to consider to dispose of his claim of qualified immunity or are otherwise necessary to ensure meaningful review of it. Consequently, we do not have jurisdiction

---

**2.** Here, part of the claim is that Powell successfully advocated the passage of certain legislation. Our holding in this appeal does not foreclose (or consider) the availability of a defense based on Powell's own constitutional right to petition government.

to consider them. *Swint,* 514 U.S. at 51, 115 S.Ct. 1203.[3]

For all of these reasons, we AFFIRM the district court's rejection of Powell's assertion of qualified immunity and DISMISS for lack of jurisdiction the other elements of Powell's appeal.

---

**3.** Since we do not consider Powell's argument that the complaint does not adequately allege that he caused the claimed deprivation of Toussie's federal rights, we do not have occasion to examine the pleading requirements for § 1983 conspiracy claims. In particular, we do not consider whether our previous statements on the pleading requirements for such conspiracy allegations, *Polur v. Raffe,* 912 F.2d 52, 56 (2d Cir.1990) ("It is incumbent on a plaintiff to state more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive him of his constitutional rights.") (citing *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977) (per curiam); *Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.1983) (per curiam)), remain valid in light of two subsequent Supreme Court decisions, *Leatherman v. Tarrant County Narcotics* *Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), and *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Each of these opinions rejected judicially established pleading requirements on the principle that where the Federal Rules of Civil Procedure do not specify heightened pleading requirements, Rule 8(a)(2)'s liberal system of "notice pleading" governs. *See Walker v. Thompson,* 288 F.3d 1005, 1008 (7th Cir. 2002) (in which Judge Posner argued that Second Circuit cases, including *Polur,* that "say that 'conclusory allegations' of conspiracy, or allegations that fail to mention an overt act, are not enough to withstand a motion to dismiss cannot be squared with ... *Swierkiewicz* ").