**Samuel L. SOMMER, Appellant,**

v.

**Correctional Officer R. DIXON, Sergeant Miner, Lt. McCasland, Appellees.**

**No. 985, Docket 82–2016.**

United States Court of Appeals, Second Circuit.

Submitted March 25, 1983.

Decided June 8, 1983.

Certiorari Denied Oct. 3, 1983.
See 104 S.Ct. 177.

Samuel L. Sommer, appellant pro se.

William J. Kogan, Asst. Sol. Gen., Lew A. Millenbach, Asst. Atty. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen. of the State of New York) Albany, N.Y., for appellees.

Before OAKES, CARDAMONE and WINTER, Circuit Judges.

PER CURIAM:

Samuel Sommer, a prison inmate, appeals pro se from a judgment of the United States District Court for the Northern District of New York, 524 F.Supp. 83, James T. Foley, Judge, dismissing his civil rights complaint brought under 42 U.S.C. § 1983, alleging violation of due process rights in connection with a Superintendent's Proceeding. The district court quite properly directed filing of the complaint and service upon the correctional officers named as defendants. *See, e.g., Fries v. Barnes,* 618 F.2d 988, 989 (2d Cir.1980); *Lewis v. New York,* 547 F.2d 4, 6 (2d Cir.1976). Following

service and defendants' answers, the State directed interrogatories to Sommer, which he ultimately answered. The State then moved successfully to dismiss the complaint for failure to state a claim. Fed.R.Civ.P. 12(b)(6). We affirm.

Defendants are officers of the Clinton Correctional Facility in New York State. While incarcerated there, Sommer was notified of misbehavior reports charging that he (1) attempted to bribe Correctional Officer Dixon, (2) attempted to smuggle unauthorized food into the facility, and (3) interfered with a correctional employee. On May 29, 1978, Sommer was removed from his cell and taken to Unit 14 (a "special housing unit") as the result of these reports. He alleged that while he was in Unit 14 his cell was searched and personal property, legal papers, and books were taken. On May 31, 1978, Sommer appeared before an Adjustment Committee, and on June 15, 1978 (after an adjournment at Sommer's request), he participated in a Superintendent's Proceeding.[1] Sommer alleges that he was denied due process because he was not given adequate notice of the charges against him, nor permitted to respond to the charges, and that the disciplinary action taken against him was in retaliation for a lawsuit that he had previously brought against the Clinton authorities. His complaint did not allege that any named defendant either presided at the Superintendent's Proceeding or participated in the destruction or removal of property from his cell.

■ Sommer's claim that he was held in segregation for more than seven days without a Superintendent's Proceeding is meritless because he himself requested the adjournment. Even assuming that he has stated a claim of denial of due process at the Superintendent's Proceeding, none of the three named defendants was responsible for conducting or supervising that hearing or the previous Adjustment Committee hearing. See McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir.1977), cert. denied, 434

U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). We have nevertheless examined the entire record to determine whether Sommer states any viable due process complaint. On the contrary, Sommer's own papers indicate that he received advance written notice of the charges against him, was given the right to call witnesses and present documentary evidence in his defense, was accorded the aid of a Legal Services staff member in presenting and preparing his defense before an impartial tribunal, and was given a written statement of the reasons relied upon. See Wolff v. McDonnell, 418 U.S. 539, 563–72, 94 S.Ct. 2963, 2978–2982, 41 L.Ed.2d 935 (1974); Powell v. Ward, 643 F.2d 924 (2d Cir.), cert. denied, 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981).

■ Sommer also claims that, as a result of his being confined in segregation, his cell was searched and some of his property (including legal materials) was taken and not returned. Again, however, in his answers to interrogatories he stated that he did not know the names of the individuals who had seized his property, and that this action had not in fact been brought against those persons. Rather, his claim was that he had sued the named defendants because they had engaged in a conspiracy to file false reports against him which, in his words,

"set" in motion a series of acts by others which defendants knew would also, cause others to inflict the constitutional injury to advocate and order segregated confinement which resulted in plaintiff's substantial loss and or destruction of both legal and personal property. In other words, defendants-foresaw-helped bring about the transfer to segregation by submitting false reports from 2/23/78 through 3/21/78. That their conduct was a "cause in fact" which caused the loss and or destruction of both legal and personal property and abridged plaintiff's access to the federal courts for relief from conviction.

1. The Superintendent's Proceeding resulted in a finding that Sommer had committed the offenses stated in the misbehavior reports filed by the named defendants. On review, the Commissioner of Correctional Services affirmed. Sommer was continued in the special housing unit for a total of 120 days.

These allegations as to a conspiracy are, however, vague and unsupported by description of particular overt acts. A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss. *See Angola v. Civiletti,* 666 F.2d 1, 4 (2d Cir.1981); *Contemporary Mission, Inc. v. United States Postal Service,* 648 F.2d 97, 107 (2d Cir.1981).

Accordingly, the judgment must be affirmed. We note the assistance provided to us by an adequate record, the result of the State's interrogatories and Sommer's answers. Dismissal of prisoners' civil rights complaints are frequently appealed. Meaningful review is impeded in this type of case when the district court dismisses the complaint before service of process, *Bayron v. Correctional Officer Trudeau,* 702 F.2d 43, 45 (2d Cir.1983), and we commend the district court for ordering service of process and the development of a record.

Judgment affirmed.