Saundra V. WHITE, Plaintiff–Appellant,

v.

MONARCH PHARMACEUTICALS, INC., King Pharmaceuticals, Inc., Crouse Irving Memorial Hospital, Rick Brouillete, James Elrod, Paul Kronenberg, Michael Allen, Brian A. Markinson, Joseph Squicciarino, United States of America, Defendants–Appellees,

**740**

Aventis Pharmaceuticals,
Inc., Defendant.

No. 08–0430–cv.

United States Court of Appeals,
Second Circuit.

Sept. 28, 2009.

Saundra V. White, Syracuse, NY, pro se, for Appellant.

No appearances, for Appellees.

PRESENT: JON O. NEWMAN, B.D. PARKER, DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Plaintiff–Appellant Saundra V. White, *pro se*, appeals from the district court's *sua sponte* dismissal of her complaint pursuant to 28 U.S.C. § 1915(e)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

■ We review *de novo* the district court's *sua sponte* dismissal under § 1915(e). *See Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001). Private actors and institutions generally are not proper defendants to a 42 U.S.C. § 1983 action, because they do not act under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). However, a pri-

vate institution can be liable under § 1983 where "there is a sufficiently close nexus between the State and the challenged action of the [private institution] so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *see also Flagg v. Yonkers Sav. & Loan Ass'n, FA,* 396 F.3d 178, 187 (2d Cir.2005). Here, White fails to state a claim against the private defendants because her allegations of a nexus between the private defendants and the State are vague and conclusory, and fail to demonstrate that the actions of the defendants should be treated as state action. *See Jackson,* 419 U.S. at 351, 95 S.Ct. 449.

With respect to White's claim against the United States, the district court correctly found that sovereign immunity barred relief against the federal government. Insofar as White's *pro se* complaint could be liberally construed as raising a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80, she failed to allege that she had exhausted her administrative remedies as required to state a claim under that statute. *See* 28 U.S.C. § 2675(a); *Keene Corp. v. United States,* 700 F.2d 836, 840 (2d Cir.1983).

White also purported to raise claims under 42 U.S.C. § 1985(3); Title VII of the Civil Rights Act, 42 U.S.C. § 2000e; and 42 U.S.C. § 2000d. White provided merely "conclusory, vague, or general allegations of conspiracy to deprive [her] of constitutional rights," which are insufficient to support a claim under § 1985. *Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.1983); *see also Webb v. Goord,* 340 F.3d 105, 110–11 (2d Cir.2003). Moreover, Title VII applies only to employees, *see Salamon v. Our Lady of Victory Hosp.,* 514 F.3d 217, 226 (2d Cir.2008), and White did not allege that she was an employee of a covered entity. Similarly, 42 U.S.C. § 2000d prohibits the exclusion of individuals from a federally funded program or activity on the basis of race, color, or national origin, and White failed to allege any such exclusion.

Lastly, the district court correctly determined that White failed to establish diversity jurisdiction, because the parties are not completely diverse. *See* 28 U.S.C. § 1332; *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 930 (2d Cir.1998). Both White and Crouse Irving Memorial Hospital are New York residents.

For the reasons stated above, the judgment of the district court is **AFFIRMED.**