Ajai **BHATIA, Plaintiff–Appellant,**

v.

**YALE SCHOOL OF MEDICINE, John Leventhal, Defendants–Appellees,**

**Lisa Radigon, Defendant.**

**No. 07–5310–cv.**

United States Court of Appeals, Second Circuit.

Sept. 30, 2009.

Ajai Bhatia, Middletown, CT, pro se.

Jeffrey B. Babbin and Tahlia Townsend, Wiggin and Dana, LLP, New Haven, CT, for Appellees.

* Edward R. Korman, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

PRESENT: JOSEPH M. McLAUGHLIN, ROBERT A. KATZMANN, Circuit Judges, and EDWARD R. KORMAN,* District Judge.

### SUMMARY ORDER

Appellant Ajai Bhatia, *pro se,* appeals the district court's grant of the Appellees' motion to dismiss his complaint raising claims under 42 U.S.C. §§ 1983 and 1985 and alleging various state law violations arising from the Appellees' involvement in state child custody and criminal investigations and proceedings against Bhatia. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002); *see also Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

To establish a constitutional violation under § 1983, a plaintiff must show that: (1) the defendants acted under color of state law; and (2) the defendants' actions resulted in a deprivation of plaintiff's constitutional rights. *See Washington v. County of Rockland,* 373 F.3d 310, 315 (2d Cir.2004). Private parties are generally not amenable to suit under § 1983, because they are not state actors, although they may be liable where "there is a sufficiently close nexus between the State and the challenged action of the [private party] so that the action of the latter may be fairly treated as that of the State itself,"

*Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *see also Flagg v. Yonkers Savings and Loan Ass'n,* 396 F.3d 178, 187 (2d Cir.2005), or where they are "jointly engaged with state officials" in a conspiracy to deprive the plaintiff of his constitutional rights, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

To state a claim under § 1985, a plaintiff must allege: (1) a conspiracy, (2) an intent or purpose to deprive a person of equal protection of the law; (3) an act in furtherance of the conspiracy; and (4) an injury to a person, including injury to property, person, or constitutional right. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993). Dismissal of "conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights" is appropriate. *Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.1983).

 Here, liberally construing Bhatia's *pro se* complaint, he failed to allege facts sufficient to establish that there was a "nexus" between the State and the Appellees, or that the Appellees jointly engaged in a conspiracy with state officials to deprive him of his civil rights, and the complaint therefore did not state a plausible claim that the Appellees were liable under § 1983. *See Flagg,* 396 F.3d at 187; *Adickes,* 398 U.S. at 152, 90 S.Ct. 1598; *see also Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Moreover, his claims of a conspiracy to violate his civil rights were vague and conclusory, and insufficient to state a plausible claim under § 1985. *See Sommer,* 709 F.2d at 175.

Having dismissed the claims over which it had original jurisdiction, the district court properly declined to exercise its supplemental jurisdiction and dismissed Bhatia's pendent state claims. *See* 28 U.S.C. § 1367(c)(3). Because the district court properly dismissed Bhatia's complaint on the merits of his claims, we need not reach the Appellees' contention that the claims were also time-barred.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**