08-2876-cv
White v. St. Joseph's Hospital

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand ten.**

PRESENT:

JOHN M. WALKER, JR.,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges.*

_____

Saundra V. White,

*Plaintiff-Appellant*,

v.                                                                    08-2876-cv

St. Joseph's Hospital; PACE; University Hospital,
also known as Stony Brook University Hospital,
also known as University Medical Center at SUNY
at Stony Brook; David R. Smith, President, University Hospital;
Philip R. Schaengold, CEO, University Hospital;
Loretto Nursing Home; Michael J. Sullivan;
Governor's Office, New York State; City of Syracuse;
Onondaga County; Oakwood Cemeteries; Laboratory Alliance;
United States of America; Onondaga County Government;
Unknown Defendants,

*Defendants-Appellee*s.

_____

FOR APPELLANT:                                  Saundra V. White, Syracuse, New York, *pro se*.

FOR APPELLEE
UNITED STATES OF AMERICA:        Andrew T. Baxter, United States Attorney for the Northern District of New York (Paula Ryan Conan, Assistant United States Attorney, *on the memorandum brief*), Syracuse, New York.

FOR ALL OTHER APPELLEES:        No appearances.

Appeal from a judgment of the United States District Court for the Northern District of New York (McCurn, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Saundra V. White, *pro se*, appeals from the district court's *sua sponte* dismissal of her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the *sua sponte* dismissal of a complaint pursuant to § 1915(e). *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, "the pleadings of *pro se* litigants should be construed liberally, and should not be dismissed unless it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Philips v. Girdich*, 408 F.3d 124, 127 (2d

Cir. 2005) (citations and internal quotation marks omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Here, the district court properly determined that White failed to state a claim upon which relief may be granted and, accordingly, dismissed her complaint pursuant to § 1915(e). In her amended complaint, White failed to name any defendants, listing only "unknown defendants." Moreover, with respect to the defendants named in her original complaint, she failed in either the original or amended complaint to state facts sufficient for the district court to determine what, if any, actions are alleged to have been taken by each defendant so that the court might determine whether the claims have been properly pled. *See Iqbal*, 129 S.Ct. at 1949.

Insofar as White sought to bring an action pursuant to 42 U.S.C. § 1983, private actors and institutions, such as the hospitals, nursing home, and cemetery named as defendants in White's original complaint, are generally not proper § 1983 defendants because they do not act under color of state law. *See Amer. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Insofar as White alleged that the private defendants were licensed by the state, the presence of state funding or regulation, in the absence of some concerted action with state officials, does not transform a private party's actions into state action. *See Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982).

In addition, States are not "persons" amenable to suit under §1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69 (1989); *Huminski v. Corsones*, 396 F.3d 53, 70 (2d Cir. 2005). While cities and counties may be sued under § 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Huminski*, 396 F.3d at 70-71, White failed to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or

custom, as required to state a § 1983 claim against a municipality, *see Monell*, 436 U.S. at 691-94; *Reynolds v. Giuliani*, 506 F.3d 183, 190 (2d Cir. 2007).

Insofar as White sought to bring an action pursuant to 42 U.S.C. § 1985, she provided merely "conclusory, vague, or general allegations of conspiracy to deprive [her] of constitutional rights," which are insufficient to support a claim under § 1985. *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983); *Webb v. Goord*, 340 F.3d 105, 111 (2d Cir. 2003). Insofar as she sought to state a claim under 42 U.S.C. § 1986, this claim necessarily failed because she failed to state a claim under § 1985. *See Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996). With regard to White's purported action under 42 U.S.C. § 1981, she failed to allege any facts to support such a claim, which requires a showing that, *inter alia,* the plaintiff is a member of a racial minority group and the defendants intended to discriminate against her based on her race. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Lastly, insofar as White attempted to state a claim against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, she failed to allege that she had exhausted her administrative remedies as required by that statute. *See Keene Corp. v. United States*, 700 F.2d 836, 840 (2d Cir. 1983); *see also* 28 U.S.C. § 2675(a).

For the reasons stated above, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4