10-0492-cv
Margaret Zavalidroga and Tomas Zavalidroga v. Joseph S. Cote, Individually, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand and ten.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
                  *Circuit Judges*,
             MARK R. KRAVITZ,[*]
                  *District Judge*.

_____

MARGARET ZAVALIDROGA, TOMAS ZAVALIDROGA,

                              *Plaintiffs-Appellants*,

          -v.-                                          10-0492-cv

JOSEPH S. COTE, individually, JOHN DOE, DORIS M. KELLEY, JAMES E. KELLEY, DAVID LAPLANTE, individually and officially as an Oneida County Sheriff's deputy, GREGORY J. AMOROSO, individually and officially, TOWN OF ANNSVILLE, a municipal entity,

                              *Defendants-Appellees*.

_____

FOR APPELLANTS:         Margaret Zavalidroga, *pro se*, Blossvale, New York.
                        Tomas Zavalidroga, *pro se*, Webb, New York.

---

[*]Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

FOR APPELLEES:   Bartle J. Gorman, Gorman, Waszkiewicz, Gorman & Schmidt, Utica, NY, *for Appellee David LaPlante.*

          Christopher B. Weldon and Darren P. Renner, Keidel, Weldon & Cunningham, LLP, White Plains, NY, *for Appellee Joseph S. Cote.*

          Michael P. Collins, Bond, Schoeneck & King, PLLC, New York, NY; John G. McGowan, Bond, Schoeneck & King, PLLC, Syracuse, NY, *for Appellees Doris M. Kelley and James E. Kelley.*

          Matthew D. Gumaer, Sugarman, Wallace, Mannheim & Schoenwald, LLP, Syracuse, NY, *for Appellee Gregory J. Amoroso.*

          Carter H. Strickland, Mackenzie Hughes LLP, Syracuse, NY, *for Appellee Town of Annsville.*

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the District Court's judgment is **AFFIRMED**.

Plaintiffs-Appellants Margaret and Tomas Zavalidroga, *pro se*, appeal from the January 19, 2010 Order of the United States District Court for the Northern District of New York (Hurd, *J.*) dismissing the Zavalidrogas' First Amended Complaint. After the Zavalindrogas' neighbors successfully sued in state court for rights to a pond and adjacent property, the Zavalindrogas brought the current federal action against their neighbors, their own and their neighbors' attorneys in the state court action, two state court judges, a Sheriff's deputy, and the Town of Annsville, alleging a "state-sponsored scheme" to convey the Zavalindrogas' property to their neighbors. The Zavalindrogas request that we overturn the District Court's dismissal of their complaint. In addition, Defendant-Appellee the Town of Annsville moves to dismiss the appeal on the basis that the Zavalidrogas abandoned on appeal their claims against the Town. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented

-2-

on appeal.

As a preliminary matter, we deny the Zavalidrogas' motion for the recusal of all three judges on this panel. Title 28 of the United States Code, Section 455, lists the circumstances in which a judge must disqualify herself. Not one of the circumstances is present here. Under Section 455(a) a judge must disqualify herself if her "impartiality might reasonably be questioned." This panel's impartiality cannot reasonably be questioned. The Zavalidrogas allege that Judge Pooler knows of one of the defendants, who is a Syracuse attorney; the New York judges who heard the earlier state court action; and the district court judge below. Appellants have alleged no relationship between any of the judges on this panel and a defendant or person connected to this case that would cause anyone to reasonably question this panel's impartiality. *See United States v. Pitera*, 5 F.3d 624, 626 (2d Cir. 1993) (defining standard under Section 455(a)).

Further, under Section 455(b), Appellants allege no facts regarding "personal bias or prejudice" concerning a party or personal knowledge of the events in dispute. 28 U.S.C. § 455(b)(1). Nor did any member of this panel serve as a lawyer in this matter or practice law with a lawyer who was litigating this matter. § 455(b)(2). Nor did any member of this panel, while serving as a government employee, participate in this matter as counsel, advisor, or witness or express an opinion about its merits. § 455(b)(3). Nor do any of the panel members have a family relationship or financial interest on which his or her impartiality might reasonably be questioned. § 455(b)(4), (b)(5).

Lastly, we have a duty to our fellow panel members, the Court at large, and the public to not casually recuse ourselves when a party makes general and unsupported allegations about our

impartiality. We deny the Zavalidrogas' motion seeking recusal.

Turning to the merits of the appeal, we first consider the Town's motion to dismiss the appeal. We find that the Zavalidrogas abandoned their claims against the Town of Annsville on appeal. The Zavalidrogas did not list the Town as a defendant in the caption of their appellate briefs; they referred to the Town as a "former Defendant[]"; and they did not raise any arguments on appeal relating to the Town. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (finding that issues not raised in *pro se* brief were abandoned). The Town's motion to dismiss the appeal is denied as moot.

As to the other appellees, this Court reviews *de novo* a district court decision dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or (b)(6). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (Rule 12(b)(1)); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (Rule 12(b)(6)). In each instance, this Court "constru[es] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers*, 282 F.3d at 152; *see also Triestman*, 470 F.3d at 474.

A district court may dismiss a complaint *sua sponte* for failure to state a claim, so long as the plaintiff is given notice and an opportunity to be heard. *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). Further, we may "affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

We affirm the district court's dismissal of the complaint because, even when liberally construed, the complaint failed to plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The Zavalidrogas did not plead sufficient facts to state a plausible claim for relief under 42 U.S.C. § 1981. The Zavalidrogas' allegations of discriminatory intent were wholly conclusory. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087-88 (2d Cir. 1993) (finding allegations were insufficient to state a claim under § 1981 where plaintiff failed to "offer more than conclusory allegations that he was discriminated against because of his race").

Further, the Zavalidrogas failed to state a claim under 42 U.S.C. § 1983 against the Zavalidrogas' neighbors and the attorneys involved in the state litigation. Although private actors are liable under Section 1983 if they conspired with state officials, to state a claim based on "a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). The Zavalidrogas' vague conspiracy allegations do not meet this standard. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity"); *see also Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss"). Further, although David LaPlante is a state actor, the allegations against

him did not state a constitutional deprivation.

Nor did the Zavalidrogas state a claim under the Racketeer Influence and Corrupt Organizations Act. A plaintiff alleging a civil RICO violation must allege: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983). The Zavalidrogas failed to allege sufficient facts constituting a pattern of racketeering activity. *See* 18 U.S.C. § 1961(1) (defining "racketeering activity").

In sum, the Zavalidrogas' First Amended Complaint stated no federal claims for relief. Further, the District Court did not err in denying the Zavalidrogas, *pro se* litigants, an opportunity to file another amended complaint. Although a district court generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend, dismissal is appropriate if leave to amend would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, leave to amend would be futile because not even "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Id.* (upholding denial of leave to replead because complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

Finally, because the District Court properly dismissed all claims over which it had original jurisdiction, the District Court did not err by declining to exercise supplemental jurisdiction over the Zavalidrogas' state law legal malpractice claim. *See* 28 U.S.C. §

-6-

1367(c)(3).

We have considered all of the Zavalidrogas' arguments and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**. The Town of Annsville's motion to dismiss the appeal is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk