Lee v. Law Office of Kim & Bae

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of July, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

JAE SOOG LEE,

                    *Plaintiff-Appellant*,

             -v-                                        12-4769-cv

LAW OFFICE OF KIM & BAE, PC, BONG JUN KIM,
MUN KYEEUNG BAE, in their individual and official capacities,[1]

                    *Defendants-Appellees.*

_____

Appearing for Appellant:     John J. Lynch, Law Office of John J. Lynch, New York, NY

Appearing for Appellee:      Alan Lee Poliner, Kim & Bae, P.C., Fort Lee, NJ

     Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Jae Soog Lee appeals from the November 6, 2012 judgment of the United States District Court for the Eastern District of New York (Bianco, J.) dismissing her complaint primarily seeking damages under 42 U.S.C. § 1983 for alleged violations of her civil rights. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Lee sued the Law Office of Kim & Bae, P.C. and its principals, asserting a variety of state and federal claims flowing from a failed employment agreement between the parties. The federal claims were dismissed by the district court, which also declined to exercise supplemental jurisdiction over Lee's state law claims. On appeal, Lee challenges only the dismissal of her claims, brought pursuant to 42 U.S.C. § 1983, for unlawful arrest and malicious prosecution.

Private parties are not proper defendants in a Section 1983 action unless the private parties were acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "[A] private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks omitted). A "conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Id.* " To support a claim against a private party on a § 1983 conspiracy theory, a plaintiff must show "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Id.* at 324–25. "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983).

Lee alleges that defendants "acted under color of state law" by (1) intentionally filing a false criminal complaint; and (2) conspiring with a judge to keep the criminal proceedings going when there was clearly no merit to the criminal complaint. However, the district court correctly concluded that Lee failed to set forth sufficient allegations to support her claim that defendants were state actors. Absent from Lee's second amended complaint are allegations, made in a non-conclusory way, setting out the overt acts, and the agreement, that allegedly comprised the conspiracy. There are simply not enough factual allegations to set out an actionable claim that defendants acted under color of state law.

We have examined the remainder of Lee's claims and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2